*311Opinion op the Court, by
Judoe Owsley.
THIS writ of error is prosecuted to reverse a judgment rendered against the present plaintiffs, in an action of ejectment which was brought by them in'the court below, to recover the possession oí a tract oí land in the county of Ohio.
' The facts of the case were agreed by the parties on the trial in that court, and the jury found a verdict for the plaintiffs, if the court should be of opinion that the law, was for them; but they found for the defendant, if the court should adjudge the law to be for him.
The court decided the law to be for the defendant on the facts agreed, and the question presented for the determination of thig court, controverts the correctness of that decisions \ ■ .
*312It was agreed that the plaintiffs are the heirs and legal representatives of Gabriel May, to whom a patent for the land in contest issued from the commonwealth the 5th of June 1798, and that the said'Gabriel May departed this life in 1812, without having made a will-, leaving two of his daughters femes covert, and one of his sons an infant, who still continued in his minority at the time of the trial in the circuit court. It was also agreed that there issued in the same year, but subsequent to the date of May’s patent, two patents from the commonwealth to Ignatius Pigman for the land in contest, and that after obtaining a conveyance from Pigman, the defendant settled on the land in the autumn of 1799, and has continued to reside thereon ever since.
From the preceding facts it will be perceived, that the patent which issued to Gabriel May under which the plaintiffs claim, is elder in date than the patents to Pigman, under which the defendants hold possession; so that in point of law, the plaintiffs must be entitled to recover, unless in consequence of the lapse of time the defendant has been possessed, their right of recovery is barred. It is evident, however,- that the right of the plaintiffs to recover, cannot be affected by any thing contained in the act of the legislature of this country, limiting rights of entry to twenty years; for this action was commenced in the spring of 1819, less than twenty years after the defendant obtained possession of the land, and the principle is W'ell settled-, that there must be an adverse possession, before the statute of limitations can begin to run against, the person having a right of entry.
But, by the facts agreed, the defendant appears- to have been actually residing on the land under a title of record at the date of the act of February 1S09, and has continued to reside thereon ever since; and it is presumed that the decision of the court below against the plaintiffs, was formed by an application of theprovi-. sions of that act, to the facts agreed. If neither of ihe children of the patentee, May, had been admitted to labor under any of the disabilities mentioned in the act of 1809, there could be no doubt but according to the provisions of that act, the plaintiffs could not maintain their action; for in the first section of that act, it is expressly declared, that “ after the first day of January in the year one thousand eight hundred and sixteen. *313"g "e * s o 1^8* g ® all'* O (t % a.', §** cr. o *+ © cd^sj 5 "o o CO >, ? a s Zu'-^^z “ 5" (0 ‘•'b - rf Ws © . P i-s cr* 5 S. § p ¡ s' 0,3 Í !3 a © b> O ©-© _ «Í ;■ o >»/ c/) <-*■' -- i ■ - O 1*5 p, ;-gr* °S( B '^"9> “? S - ®
tt « 1<13 o. & S 3 2v® _«ii- "TCP % S-wf ~ i «• Í5 O S'® « Hi l"i «-T- P * P £ S p C3 g <u. w <L>. °*jC5 ■O'B '■§ « _ Sft. a o’ 2. p od » 03 CO © o ^ o o ‘-’■s S> 3 5. so cs E. © ’2 ^ © o ci *r © Cs ^ ro — {XU q a >-3 © to 3 p s p ‘£r © ^ ^ P-i e* » rt >22 fe: 5 ca pT © -W o Bra. i W.03 n ft co p o Cl Cl § a> <3.50 . ci B ; © o* p ' ' ‘ 3 £ .?w ,c a- _ r^. O” O cr rt‘-Q a. s ■- ft o >r> ft. ^ p a-tri O lc a _.. V © *X3 p.O w a* « < r-hs Cr g ^ P P CP © ro • ,©
xforesafu. 2,tS 8 s ST a S? 5 cr p. 3 w 2.5'ng-.o'So:®' 1-3 CO ^ T Pj S 0_£ « £ C ~ ^ . o 2 5^..S j=-» a — Cft rr ET < S' O -V S3 2. , rs .cr*. ^ r1 ?-♦“ ro 3“ t a © <« p > ■< o o £• © jr x *-• o P3 *-2 ff.c- § pu P -• d ^ © ~ - ^ 2 ~ g. 5- CJ » to © ¡3 r,*” “ O) 2* rrr P CO. O p __ t? CO 3 z o V- w o 3 3", ra'E.o -i c X ft‘ rr. ^ ^ O D f!> O ^ w £ o 3 5 w w © -3 S- s. © ©r , ^ ® o P O *-*“1 « o y » u o C3 tb CP © 3 © 3 o < to © © “ © ©r ^ © cr _ © — 3 §. © ^ s-t<! <2 ^ ° O* © ^ © “í <r** rr <* © © ?-: © O 'i2- 2-S. rr, rcO !S. sr S «> P O __ ~cr. — o « 3,3® Ss„ - o » g S O- B. g » •~t m:cP¿©r©v*3 © $< «I ^ o ^ >- " S s'3 ’ — '■O rj- to C © P _ r — • © Cl 53 P b- © . P CP ~ cr.- § cr © g g Si <3 - 1 O ^ g o q 2 rc b © f-P £A © Si 3-a, “ ® £ £ u © -c © • C3 = si rt 2 y o ip o § £ o.°g 1 -O ° ctl o* B O 1 O „ n St o Ü- » • « « -§ ° ~ r
■ On the part of the defendant, it was not controverted, but that the plaintiffs action might be .sustained, if at. the time of the patentee May's death, all of his children had labored under any of the disabilities mentioned in the fourth section of the act; but as from .the agreed case, only'part of the children appear to have labored under disabilities, it was contended that notwithstanding those disabilities, the limitation of time which had eomménccd running against the ancestor, May, should continue to run; and that as the action of the plaintiffs was not commenced until after the first of January.-1816, it was insisted the court below*decided corrcctly in adjudging the law against the plaintiffs.
*314Were the, apt, under- canside^üpn? similar in its prrr-visióiíl td the' áct lirnj£ifrg the time-of making entries upon land to tweütyj.yéars, it wóuld "be conceded that, af*ter the lirnjtaytm of .time ;had commenced running against Ihe^áncestoriñ Ms lifetime, it would have continued t$ fiin-^gainst his heirs, thon^h>part of them labor,ed u^der disabilities when by operation of law, the title was cast upon .them. ’Such has heretofore been the decision of this court upon„-.that act, and, such, we still think, is the correct construction of it. But to all kwho may také the trouble of comparing tbe provisions of ifh'at act, with those of the act under consideration, there will appear a plain and palpable difference. The prof’^ioqs of the act in question, bear‘a more striking an.alogy to the act of 1796, limiting the time of prosecuting writs of error, (1 Littell 564.) in truth, those parts of the act which bear upon the present case, are in substance the same of those contained in the'act alluded to upotfthe subject of writs of erroi, and which were adjudicated upon by this court, in the case Kennedy’s heirs vs. Duncan, Hardin’s Rep. 365. In giving a construction to the act in question, therefore, it is proper that we should be governed by the principles settled in that case. It is proper we should do so, because that case was decided before the act of 1809 was enacted, and by employing language similar to that which had undergone judicial construction, it is most natural to suppose.the legislature intended tobe.under-stood in the same sense.
It results, therefore, according to the decision in the .case cited from Hardin, that the infancy of one of the children of the ancestor of May, at the time of his death, prevented the statute of 1809 from continuing to run, and that the plaintiffs are entitled 'to maintain their action for the whole of the land in contest:
The judgment mus.t, therefore, be reversed with' costs, the case remanded, and judgment rendered in favor of the plaintiff on the verdict of the jury, . ,-